## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DANIEL LIGGS,                            )
                                      )
              Plaintiff,      )
                                        )
           v.                   )          1:12CV1372
                                        )
RINCON AUTO SERVICES, et al.,      )
                                        )
              Defendants.   )

## <u>MEMORANDUM OPINION, ORDER, AND RECOMMENDATION</u>
## <u>OF UNITED STATES MAGISTRATE JUDGE</u>

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed with a pro se Complaint (Docket Entry 2). For the reasons that follow, pauper status will be granted for the limited purpose of entering a recommendation of dismissal for lack of subject matter jurisdiction.

## <u>LEGAL BACKGROUND</u>

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting <u>Adkins v. E.I. DuPont de Nemours & Co.</u>, 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit."  Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous," 28 U.S.C. § 1915(e)(2).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In assessing such matters, this Court may "apply common sense."  Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . .  The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

## DISCUSSION

"'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998)

2

(quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)).  The party invoking the jurisdiction of the Court, here Plaintiff, "has the burden of proving the existence of subject matter jurisdiction."  Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999).

The Complaint alleges that "[j]urisdiction of this Court arises under, 28 U.S.C. § 1331 and 28 U.S.C. § 1337."  (Docket Entry 2 at 1 (stray comma in original).)  Section 1331 grants this Court "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Section 1337 grants this Court "jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  28 U.S.C. § 1337(a).[1]

Plaintiff's Complaint does not assert any claims under the United States Constitution, federal law (including federal laws regulating commerce or protecting against unlawful restraint), or federal treaties; instead, it asserts state-law causes of action for "Breach of Contract," "Negligence," "Fraud," and "Breach of the Fiduciary Duty of Good Faith and Fair Dealing," based on matters related to the repair of an automobile.  (Docket Entry 2 at 2-4.)[2]

_____

[1] The other subsections of Section 1337 do not provide any further jurisdictional grants.  See 28 U.S.C. § 1337(b) & (c).

[2] Moreover, the Complaint identifies Plaintiff as a North Carolina resident and Defendant Rincon Auto Services as a North

3

The Complaint thus, as a matter of law, fails to establish subject matter jurisdiction and the obviousness of this defect renders this action legally frivolous in this Court.  Indeed, even absent the applicability of Section 1915(e)(2), dismissal would remain appropriate because this Court "has an independent obligation to assess its subject-matter jurisdiction . . . ." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005).

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 3, 2013

---

Carolina corporation (Docket Entry 2 at 2), circumstances which do not satisfy the diversity jurisdiction statute, see 28 U.S.C. § 1332(a).

4